UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VALERIE MASON,** ) | **CASE NO. 1: 16 CV 2924** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **HONORABLE DAN A POLSTER,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

Seeking to proceed *in forma pauperis, pro se* Plaintiff Valerie Mason has filed a Complaint in this action pursuant to 42 U.S.C. §1983, asserting "Violation of Constitutional Rights" against United States District Court Judge Dan A. Polster, TAP Pharmaceutical Products, Inc. ("TAP"), and Kaiser Foundation Health Plan, Inc. ("Kaiser") (Doc. No. 1). To the extent it is comprehensible, the Complaint complains of the final decision and rulings made by Judge Polster in a previous action the Plaintiff filed against TAP, Kaiser, and Takeda Pharmaceuticals U.S.A., Inc. *See Mason v. TAP Pharmaceutical Products, Inc., et al.*, Case

No. 1: 15 CV 1283. The Plaintiff originally filed Case No. 1: 15 CV 1283 in state court, alleging she was injured in 1995 after receiving injections of Lupron without iron therapy or proper monitoring of her blood levels. After the Defendants removed the case to federal court, Judge Polster dismissed the Plaintiff's claims as barred by the statute of limitations, among other reasons.

The Plaintiff appealed the District Court's dismissal of her action and asserted that Judge Polster should have recused himself in her case. After she filed her Notice of Appeal, she also filed Motions in the District Court for Reconsideration and Recusal, both of which Judge Polster denied. The Sixth Circuit subsequently affirmed Judge Polster's judgment dismissing her Complaint on statute-of-limitations grounds. It declined to address her claim regarding recusal because she filed her motion for recusal in the District Court only after she had filed her Notice of Appeal.

In her current Complaint, the Plaintiff asks that "Judge Polster be recused and all orders he has ruled upon" in Case No. 1: 15 CV 1283 "be vacated and reversed" and that she be awarded "court costs." (Doc. No. 1 at 3.)

Although filings by *pro se* litigants are to be liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions and dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from the relief sought. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).

This action is frivolous and must be dismissed.

To the extent the Plaintiff is asking the Court to re-litigate matters already decided in Case No 1: 15 CV 1283, her action is barred by *res judicata*. *See Kane v. Magna Mixer,* 71 F.3d 555 (6th Cir. 1995) (under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action). Further, this Court has no authority to review or reverse rulings or decisions of another District Court, which must be challenged through appeal. *See* Federal Rules of Appellate Procedure 3, 4. The Plaintiff has already pursued an appeal of the matters she raises in this action, and the Sixth Circuit affirmed the District Court's dismissal of her prior action. This Court has no authority or jurisdiction to review any decision of the Court of Appeals.

## Conclusion

Accordingly, the Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:** January 24, 2017